IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41422
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS CARBAJAL-SANTANA,

Defendant-Appellant.

**********
Consolidated with
No. 01-41480
**********

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS CENTENO-CARBAJAL, also known as Carlos
Carbajal-Santana,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-684-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carlos Carbajal-Santana, also known as Carlos Centeno-Carbajal, ("Carbajal-Santana") appeals his guilty-plea conviction and sentence in Case No. 01-41422 for illegal reentry after deportation following a felony conviction in violation of 8 U.S.C. § 1326(a) & (b)(1), as well as the resulting revocation of his supervised-release term in Case No. 01-41480. Carbajal-Santana asserts that his indictment in Case No. 01-41422 was defective because it did not expressly allege general intent and that 8 U.S.C. § 1326(b)(1) is unconstitutional because it treats a prior felony conviction as a mere sentencing factor and not an element of the offense.

As Carbajal-Santana concedes, his arguments are foreclosed by binding precedent. See United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir.), cert. denied, 122 S. Ct. 288 (2001); Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). The judgment of the district court is AFFIRMED.